UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────────────

JOSHUA P. WASHBURN,

        Plaintiff,

                                              DECISION AND ORDER
                                              16-CV-06302

        v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

───────────────────────────────────────────────

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

On September 25, 2012, plaintiff, then thirty years old, filed an application for a period of disability and disability insurance benefits, and an application for Supplemental Security Income benefits under Title II of the Social Security Act. In both applications, plaintiff alleged an inability to work since July 23, 2011. (Administrative Transcript, Dkt. #6 at 9).[1] His applications were initially denied. Plaintiff requested a hearing, which was held on July 18, 2014 before Administrative Law Judge ("ALJ") Connor O'Brien. The ALJ issued a decision on November 3, 2014, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #6 at 9-20). That decision became the final decision of the Commissioner when the Appeals

───────────────────────

1 Note that the Administrative Transcript (Dkt. #6) portions cited herein are identified using the internal Bates-stamped pagination utilized by the parties.

1

Council denied review on March 17, 2016. (Dkt. #6 at 1-3). Plaintiff now appeals from that decision. The plaintiff has moved (Dkt. #10), and the Commissioner has cross moved (Dkt. #12) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. If the ALJ concludes that the claimant is not engaged in substantial gainful employment and suffers from a severe impairment, the ALJ examines whether the claimant's impairment meets or equals the criteria of those listed in Appendix 1 of Subpart P of Regulation No. 4. If the impairment does, and has continued for the required duration, the claimant is disabled. If not, analysis proceeds and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 CFR §404.1520(e), (f). If the claimant's RFC permits him to perform relevant jobs he has done in the past, he is not disabled. If not, analysis proceeds to the final step, and the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986)). *See also* 20 CFR §404.1560(c).

2

The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) (quoting *Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997)). Still, "it is not the function of a reviewing court to decide *de novo* whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

The ALJ summarized plaintiff's medical records, particularly his treatment notes for back pain, hearing loss, anxiety, depression, posttraumatic stress disorder and attention deficit hyperactivity disorder, which she concluded together constituted a severe impairment not meeting or equaling a listed impairment. I believe the evidence supports the ALJ's findings concerning the nature and extent of plaintiff's resulting limitations, and that her finding that the plaintiff was not disabled was supported by substantial evidence and contained no legal error.

On appeal, plaintiff objects to the ALJ's RFC finding relative to his nonexertional (psychological) limitations. When assessing nonexertional limitations, in addition to the usual

five-step analysis, the regulations "require application of a 'special technique' at the second and third steps of the five-step framework." *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). If the claimant is found to have a medically determinable mental impairment, the ALJ must assess the claimant's degree of resulting limitations in four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence or pace; and (4) episodes of decompensation. 20 CFR §404.1520a(c)(3). If and how the analysis proceeds from that point depends upon the degree of impairment found. However, the ALJ must document his analysis, and his written decision must "reflect application of the technique, and . . . 'include a specific finding as to the degree of limitation in each of the [four] functional areas.'" *Kohler*, 546 F.3d 260 at 266 (quoting 20 CFR §404.1520a(e)(2)).

Here, the ALJ found that the plaintiff was mildly restricted in activities of daily living, moderately restricted in social functioning, moderately restricted with regard to concentration, persistence and pace, and had experienced one or two episodes of decompensation. She determined that: plaintiff could perform light work with a sit/stand option, with no more than occasional reaching overhead bilaterally, and no more than occasional reaching in all directions with his left arm. She further found that plaintiff can tolerate noise and can focus for up to two-hour periods, but no more, and requires up to three short, unscheduled, less-than-5-minute breaks in addition to regularly-scheduled breaks. Plaintiff is also limited to unskilled work with no interaction with the public, and no teamwork. Plaintiff can occasionally make work-related decisions or judgments, and can work to meet daily goals, but not maintain an hourly, machine-driven assembly-line production rate. (Dkt. #6 at 13).

Plaintiff argues that the ALJ's RFC determination was not supported by substantial evidence. Specifically, plaintiff contends that the ALJ's conclusion that plaintiff could occasionally make work-related decisions and judgments, as well as the ALJ's implicit finding that plaintiff could interact with supervisors, and could tolerate some level of work-related stress, were erroneous and unsupported, because they failed to incorporate the opinion of consultative psychologist Dr. Yu Ying Lin.

Dr. Lin examined plaintiff on January 23, 2013, and opined that although plaintiff's psychiatric problems "d[id] not appear to be significant enough to interfere with the claimant's ability to function on a daily basis," plaintiff's "stress-related problems, anger issues, and lack of motivation," left plaintiff with "no" ability to make appropriate decisions, relate adequately with others, or deal appropriately with stress. (Dkt. #6 at 655). The ALJ declined to fully credit this portion of Dr. Lin's opinion, noting that plaintiff's part-time employment as a grocery store cashier evidenced at least "some capacity" for making simple work-related decisions, and that these portions of Dr. Lin's opinion were unsupported by the record and not sufficiently specific (e.g., did not quantify plaintiff's limitations using terms such as "moderate" or "marked"). (Dkt. #6 at 17). Consideration of plaintiff's work history was appropriate, as "[t]he Commissioner's regulations provide that part-time work, even if not substantial gainful activity, may show a claimant is able to do more than they actually did." *Downs v. Colvin*, 2016 U.S. Dist. LEXIS 131290 at *12 (W.D.N.Y. 2016). The ALJ's decision also noted that plaintiff's global assessment of functioning score had been assessed during mental health treatment in 2012 as 52 (Dkt. #6 at 609, 622-23), consistent with moderate limitations in social, occupational functioning. The ALJ also observed that plaintiff's daily activities, including caring for a child with autism and epilepsy,

5

demonstrated a level of physical and emotional functioning "that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." (Dkt. #6 at 17).

While "the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in [her] decision, [she is] entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 Fed. Appx. 53, 56 (2d Cir. 2013) (unpublished opinion). Furthermore, it is "not require[d] that [the] ALJ have mentioned every item of testimony presented to h[er] or have explained why [s]he considered particular evidence unpersuasive or insufficient to lead h[er] to a conclusion of disability." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir.1983). Here, the ALJ discussed the medical opinion evidence provided by Dr. Lin, set forth her reasoning for the weight afforded to that opinion, and cited and discussed specific evidence in the record which supported her determination, both in connection with her discussion of Dr. Lin's opinion, and elsewhere in her decision. As such, I do not find that the ALJ improperly substituted her "own expertise or view of the medical proof [in place of] any competent medical opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015).

Plaintiff also argues that the ALJ improperly failed to consider the opinion of non-examining State agency medical consultant Dr. E. Kamin, who opined after reviewing the entire record (including Dr. Lin's opinion) that plaintiff was "moderately" limited in his ability to accept instructions and respond appropriately to criticism from supervisors. (Dkt. #6 at 123, 131). While plaintiff is correct that the ALJ's decision does not discuss Dr. Kamin's opinion, I find that to the extent that this omission constitutes an error, it is a harmless one. Dr. Kamin opined that plaintiff has "moderate" difficulties with respect to supervision, but is capable of unskilled work

6

in a low contact setting. Even if fully credited, that opinion is consistent with the RFC as determined by the ALJ, which limits plaintiff to, among other things, unskilled work requiring no interaction with the public and no teamwork. (Dkt. #6 at 13, 19). It is well settled that a limitation to unskilled work sufficiently accounts for moderate limitations in work-related functioning, and there is no dispute that both positions identified by the vocational expert, mail clerk and label pinker, meet that description. *See generally Martinez v. Commissioner*, 2017 U.S. Dist. LEXIS 93575 at *20-*21 (N.D.N.Y. 2017) (collecting cases, and noting that the "Second Circuit has held that moderate limitations in work related functioning [including handling stress, making appropriate decisions, relating adequately with others, and dealing with stress] does not significantly limit, and thus prevent, a plaintiff from performing unskilled work"); *Saxon v. Colvin*, 2015 U.S. Dist. LEXIS 83447 at *14 (W.D.N.Y. 2015) (moderate limitations in ability to make appropriate decisions, relate adequately with others, and cope with stress are sufficiently accommodated by an RFC limited to routine tasks in a low stress, low contact environment).

I have considered the rest of the plaintiff's claims, and find them to be without merit.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and was not based on legal error. The plaintiff's motion for judgment on the pleadings

(Dkt. #10) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #12) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
December 22, 2017.